IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01844-BNB

DAVID LEE WOMACK,

    Applicant,

v.

D. BERKEBILE,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, David Lee Womack, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He initiated the instant action by filing *pro se* on July 11, 2013, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1).

    In an order entered on July 16, 2013 (ECF No. 5), Mr. Womack was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed to file an amended application that asserted claims, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), as applied to the instant § 2241 action by Rule 1(b) of the Section 2254 Rules. On August 30, 2013, Mr. Womack filed an amended application (ECF No. 11).

    On September 16, 2013, Magistrate Judge Boyd N. Boland entered an order

(ECF No. 13) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On September 30, 2013, Respondent filed a preliminary response (ECF No. 19). On October 25, 2013, Mr. Womack filed a reply (ECF No. 20) to the preliminary response, which he supplemented on the same day (ECF No. 21).

The Court must liberally construe Mr. Womack's filings because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

On December 21, 1989, Mr. Womack was sentenced in the Superior Court for the District of Columbia to an aggregate term of thirty-three years of imprisonment for armed robbery and burglary in the first degree. ECF No. 19, ex. 1 at 2. On October 12, 1993, he was sentenced in the same court to an aggregate term of 80 years of imprisonment for burglary in the first degree while armed, rape while armed, armed kidnapping, armed robbery, and possession of a firearm during a violent or dangerous offense. Mr. Womack now has an aggregated life sentence. *Id.*

Mr. Womack claims he was denied due process in thirty-eight disciplinary proceedings. Specifically, he alleges that during these disciplinary proceedings "a mental examination to determine competency and/or culpability was not performed" in violation of 28 C.F.R. § 541.6; he was not "afforded meaningful staff assistance"; he was not "permitted adequate opportunity to present witnesses, and documentary

evidence"; and he was "disciplined in retaliation for filing grievances, and lawsuit's [sic]" against BOP employees. ECF No. 11 at 7. Respondent argues that the application should be dismissed for failure to exhaust administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because he adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Womack. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally (BP-8) and then completing all three formal steps by filing an administrative remedy request with institution staff (BP-9) as well as regional and national appeals (BP-10 and BP-11). *See* 28 C.F.R. §§ 542.13 - 542.15. Inmate appeals must be accompanied by copies of their administrative filings and responses at lower levels. *See* 28 C.F.R. § 542.15(b)(1).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. "If the inmate does not receive a response within the time

allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

Mr. Womack has filed 181 administrative remedies or appeals since he entered BOP custody on September 25, 2013. ECF No. 19, ex. 1 at 5. Mr. Womack has not properly appealed to the Central Office level (BP-11) any of the incident reports he identifies in his amended application. ECF No. 19, ex. 1 at 6. In fact, Mr. Womack has failed to file any administrative remedies or appeals related to any of the contested disciplinary proceedings. *Id.* The administrative remedies or appeals Mr. Womack filed in which he challenges disciplinary proceedings and appealed to the Central Office level relate to incident reports not identified in the amended application. ECF No. 19, ex. 1 at 7.

Because Mr. Womack has failed to utilize the BOP administrative remedy program properly as it pertains to the thirty-eight incident reports at issue, he has failed to exhaust administrative remedies as to his claims before seeking federal court intervention through the instant habeas corpus application. The application will be dismissed for failure to exhaust.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Womack files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that habeas corpus application is denied and the action dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  31st  day of    October           , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court